### UNITED STATES DISTRICT COURT
### MIDDLE DISTRICT OF FLORIDA
### TAMPA DIVISION

**CHAD ALLEN POSEY**

**Petitioner,**

vs.

**UNITED STATES OF AMERICA,**

**Respondent.**

_____/

**Case No. 8:05-CV-2178-T-27TBM**
**Crim. Case No. 8:03-CR-183-T-27TBM**

## ORDER

**BEFORE THE COURT** is Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (CV Dkt. 1), Petitioner's Memorandum in Support (CV Dkt. 4) and the Government's Response in Opposition (CV Dkt. 10). Upon consideration, Petitioner's Motion Under 28 U.S.C. § 2255 to Vacate, Set Aside or Correct Sentence (CV Dkt. 1) is DENIED.

### Procedural History

Petitioner was charged and convicted after trial of possessing fifty (50) grams or more of methamphetamine with intent to distribute it in violation of 21 U.S.C. §§ 841(a)(1) and (b)(1)(A)(viii) (Count One); carrying a firearm during and in relation to a drug trafficking crime in violation of 18 U.S.C. § 924(c)(1)(A)(i) (Count Two); and possessing "in and affecting interstate commerce" a firearm after having been convicted of a felony offense in violation of 18 U.S.C. §§ 922(g)(1) and 924(a)(2) (Count Three). (CR Dkts. 38, 40). Pursuant to the enhanced penalty provisions of 21 U.S.C. § 841(b)(1)(A)(viii), Petitioner was sentenced to a mandatory term of life imprisonment as to Count One. (CR Dkt. 44). He was sentenced to ten (10) years imprisonment on Count Three, concurrent to Count One, and a consecutive term of five (5) years imprisonment on Count Two. (CR Dkt. 44). Petitioner's conviction and sentence was affirmed on appeal. (CR Dkt.

-1-

59); *United States v. Posey*, 116 Fed.Appx. 242 (Table)(11th Cir. 2004); *cert. denied, Posey v.*

*United States*, 543 U.S. 1011 (2004), *reh'g. denied* (Jan. 24, 2005).

Petitioner's claims in large part include allegations of ineffective assistance of trial and

appellate counsel. In order to demonstrate ineffective assistance of counsel, Petitioner must meet

the test established by *Strickland v. Washington*, 466 U.S. 668 (1984):

> The law regarding ineffective assistance of counsel claims is well settled and well documented. In *Strickland v. Washington*, 466 U.S. 668 (1984), the Supreme Court set forth a two-part test for analyzing ineffective assistance of counsel claims. According to *Strickland*, first, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Sims v. Singletary*, 155 F.3d 1297, 1305 (11th Cir. 1998)(*citing Strickland*, 466 U.S. at 687).

As will be discussed, it has not been shown that either trial or appellate counsel's

performance was deficient or that Petitioner was prejudiced by deficient performance. Where, as

here, Petitioner is unable to establish either prong of the *Strickland* analysis, his ineffective

assistance claims necessarily fail. *See Coulter v. Herring*, 60 F.3d 1499, 1504 (11th Cir. 1995).

In his § 2255 motion, Petitioner asserts five claims for relief:

**Ground One:** Petitioner alleges that his trial and appellate attorneys were ineffective in

failing to assert that the jury should have determined drug quantity. In support of his claim,

Petitioner erroneously contends that the drug quantity he was convicted of possessing was not

charged in the Indictment. Petitioner relies on *Apprendi v. New Jersey*, 530 U.S. 466 (2000).

Petitioner's contention is without merit. The Indictment alleged that he possessed with intent

to distribute fifty (50) grams or more of methamphetamine (actual) in violation of 21 U.S.C.

§841(a)(1) and (b)(1)(A)(viii). (CR Dkt. 1). In its verdict, by interrogatory, the jury found beyond

a reasonable doubt that the quantity of methamphetamine Petitioner possessed with intent to distribute was in excess of fifty grams. (CR Dkt. 40). There was no *Apprendi* error. Counsel was not obligated to raise a frivolous issue. *United States v. Winfield*, 960 F.2d 970, 974 (11th Cir. 1992); *Chandler v. Moore*, 240 F.3d 907, 917-18 (2001)(counsel not ineffective for failing to raise a non-meritorious issue), *citing United States v. Nyhuis*, 211 F.3d 1340, 1344 (11th Cir. 2000).

**Ground Two:** Petitioner alleges that his appellate attorney was ineffective in failing to file a "motion to hold case in abeyance and motion for joinder with Booker . . . ", referencing *United States v. Booker*, 543 U.S. 220 (2005). Petitioner alleges that his attorney should have known that the Supreme Court had granted review in the underlying *Booker* case.[1] Petitioner's contention is without merit.

Petitioner, by virtue of the jury's verdict, was subject to a mandatory sentence of life imprisonment, independent of the sentencing guidelines. 21 U.S.C. § 841(b)(1)(A)(viii). The enhanced penalty provisions of § 841(b)(1)(A)(viii) applied to Petitioner not from the pre-*Booker* mandatory guidelines but from the statute. Simply put, there was no *Booker* issue for counsel to have raised.

**Ground Three:** Petitioner contends that his trial attorney was ineffective by not objecting to the district court's failure to instruct the jury to find whether the methamphetamine he possessed was "Type 'D' or 'L.'" This contention is on its face without merit.[2] The Indictment charged Petitioner with possessing with intent to distribute fifty (50) grams or more of "methamphetamine (actual)." (CR Dkt. 1). That offense is committed by possession of "methamphetamine, its salts,

---

[1] *United States v. Booker*, 375 F.3d 508 (7th Cir. 2004).

[2] Petitioner's reliance on *United States v. Patrick*, 983 F.2d 206 (11th Cir.), *reh'g. denied*, 986 F.2d 505 (11th Cir. 1993) is misplaced. That case involved a sentencing issue under the sentencing guidelines applicable at that time.

isomers, and salts of its isomers." The evidence established that Petitioner possessed 99.1 grams of *actual* methamphetamine. In any event, the statute under which Petitioner was sentenced, 21 U.S.C. § 841(b)(1)(A)(viii), makes no distinction between different types of methamphetamine. Counsel was not ineffective in failing to raise a frivolous objection. *United States v. Winfield*, *supra.*, *Chandler v. Moore, supra*.

**Ground Four:** Petitioner contends that the district court erred in considering his prior offenses in determining that he was a "career offender." *See* USSG § 4B1.1. Petitioner contends that the Pre-Sentence Investigation Report referenced "police reports and incomplete judicial reports to compile the information used by the Probation Office to prepare its prior convictions history on Movant." (CV Dkt.1, p. 9). Petitioner argues that consideration of these reports is contrary to *Shepard v. United States*, 544 U.S. 13 (2005). Petitioner's contention is without merit.

First, this claim is not a claim of constitutional error. Non-constitutional claims are cognizable on collateral review only when the alleged error constitutes a "'fundamental defect which inherently results in a complete miscarriage of justice [or] an omission inconsistent with the rudimentary demands of fair procedure.'" *Reed v. Farley*, 512 U.S. 339, 348 (1994)(*quoting Hill v. United States*, 368 U.S. 424, 428 (1962).

Second, even if a *Shepard* violation is cognizable on collateral review, no error occurred in Petitioner's case. Petitioner's two prior felony offenses were Florida controlled substance offenses. (CR Dkt. 10).[3] The *fact* of these two convictions is evident on the face of the charging documents.

---

[3] Petitioner's two prior felony controlled substance offenses were:

    (1) Case No. 00-CF-13538, Hillsborough County, Florida Circuit Court, possession of cannabis with intent to sell; and

    (2) Case No. 02-0105CF, Gulf County, Florida, possession of cocaine with intent to sell/deliver.

(CR Dkt. 10)

Moreover, Petitioner admitted to these prior offenses during his trial testimony. Given the nature of these prior felony offenses, it was only necessary for the Court to consider the *fact* of the prior convictions, not the facts underlying them, in order to determine that Petitioner was a career offender under § 4B1.1(a) and that he was likewise subject to the enhanced penalties in § 841(b)(1)(A)(viii).[4] In *Shepard*, the Court held:

> We hold that enquiry under the ACCA to determine whether a plea of guilty to burglary defined by a nongeneric statute necessarily admitted elements of the generic offense is limited to the terms of the charging document, the terms of a plea agreement or transcript of colloquy between judge and defendant in which the factual basis for the plea was confirmed by the defendant, or to some comparable judicial record of this information.

*Shepard* does not, as Petitioner's argument suggests, prohibit the sentencing court from considering the *fact* of his prior convictions where, as here, the charging documents on their face demonstrate that they are predicate offenses for purposes of assessing applicability of the career offender guideline provision and the enhanced penalties under § 841. In any event, Petitioner was sentenced pursuant to the mandatory provisions of § 841(b)(1)(A)(viii), so his career offender status had no bearing on his life sentence.[5]

**Ground Five:** Petitioner contends his appellate attorney was ineffective in failing to preserve a *Booker* issue. For the reasons discussed as to why Ground Two has no merit, this contention likewise has no merit. There was no *Booker* error. Petitioner's attorney could not have been ineffective in failing to preserve a non-issue.

---

[4] *See United States v. Lewis,* 129 Fed.Appx. 573 (11th Cir. 2005)("We have also held that the provision found in 21 U.S.C. § 841, mandating a sentence of life imprisonment for a felony drug offense committed after two prior convictions for felony drug have become final, is constitutional and not violative of the Eight Amendment.")

[5] It is unnecessary to determine whether, as the Government contends, Petitioner has procedurally defaulted on this claim.

Finally, Petitioner claims that "additional drugs were attributed to him that the jury did not find," apparently referring to Probation's conversion of the methamphetamine Petitioner was found to have possessed to the marijuana equivalent in arriving at the base offense level. (CV Dkt. 4, p. 4, ¶¶ 18-19). This contention is, as the Government suggests, frivolous. Use of the marijuana equivalent to determine the offense level for Petitioner's methamphetamine offense is expressly authorized by § 2D1.1. The only drug quantity attributed to Petitioner was the methamphetamine the jury found that he possessed. In this claim, Petitioner again purports to raise an *Apprendi* issue when no such issue exists.

Petitioner's request for an evidentiary hearing is denied. There is no need for an evidentiary hearing as it "plainly appears from the face of the motion and any annexed exhibits and the prior proceedings in the case that the movant is not entitled to relief." *Broadwater v. United States*, 292 F.3d 1302, 1303 (11th Cir. 2002). Accordingly, it is

**ORDERED AND ADJUDGED** that Petitioner's Motion to Vacate, Set Aside or Correct Sentencing Pursuant to 28 U.S.C. § 2255 (CV Dkt. 1) is DENIED. The Clerk is directed to enter judgment against Petitioner and close this case.

**DONE AND ORDERED** in chambers this _18th_ day of August, 2006.

**JAMES D. WHITTEMORE**
**United States District Judge**

Copies to:
Petitioner, pro se
Counsel of Record